Edward Earl **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–85–00500–CR.

Court of Appeals of Texas, Dallas.

March 25, 1986.

Tena M. Hollingsworth, Dallas, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and HOWELL, JJ.

AKIN, Justice.

Edward Earl Thomas appeals his conviction for murder. The trial court assessed punishment at confinement for life. In his sole ground of error, appellant contends that the trial court erred in admitting an extraneous robbery offense which occurred shortly after the murder. Although we agree that this was error, we hold that it was harmless. Consequently, we affirm.

Steven Baum and Vincent Gregory were confronted on a parking lot of Gregory's apartment building by appellant and two accomplices who proceeded to rob Baum. During the course of the robbery, appellant shot and fatally wounded Baum with a handgun. One of appellant's accomplices struck Gregory, the other accomplice removed Baum's boots, and then the trio fled the scene.

Jim Shane, a resident of a nearby condominium project, testified that he heard a gunshot and then saw two men run past him. Shane identified one of the men as appellant. Shane further testified that appellant had something that appeared to be a gun in his hand. Appellant and his companion ran across the street from Shane where, according to Shane, appellant pointed his gun at two other men carrying shopping bags. The men handed their bags to appellant's companion and appellant and his companion fled. Appellant complains of the admission of Shane's testimony as to this second robbery.

■ We agree that it was error to admit the extraneous offense. Under *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim. App.1984), extraneous offenses committed by the accused are admissible only upon a showing that (1) the offense is relevant to a material issue in the case and (2) its relevancy outweighs the inflammatory or prejudicial potential. *Robinson v. State*, 701 S.W.2d 895, 896 (Tex.Crim.App.1985). In either a direct or circumstantial evidence case, there must be a *contested* material issue before an extraneous offense is admissible on that issue. *Morgan v. State*, 692 S.W.2d 877, 880 n. 3 (Tex.Crim.App. 1985); *see Williams*, 662 S.W.2d at 346.

Here, the State has not shown that the extraneous offense was relevant to a *contested* material issue regarding the murder. Gregory identified appellant as the person who shot the deceased. The State also introduced into evidence a portion of appellant's written confession wherein appellant stated, "I just raised the gun with one hand and shot. It hit the tall, white guy." Further, Shane testified that after hearing a gunshot, he saw appellant run by him with what appeared to be a gun in his hand. Appellant did not testify and no witnesses testified on his behalf. None of the State's evidence was impeached or even contradicted. The State's case was, in effect, uncontested and the extraneous offense was therefore not relevant to any material *contested* issue and was improperly admitted.

*See Prior v. State*, 647 S.W.2d 956, 958–59 (Tex.Crim.App.1983).

Additionally, the extraneous robbery was not admissible as part of the "res gestae" of the offense on trial. To qualify as admissible "res gestae," the extraneous offense must be so closely interwoven with the offense on trial that the extraneous offense shows the context in which the charged offense occurred. *Maynard v. State*, 685 S.W.2d 60, 67 (Tex.Crim.App. 1985).

This is not to say that there exists a separate test for admissibility of an extraneous offense categorized as "res gestae." The only test for admissibility of extraneous offenses is the *Williams* two-part test. *Robinson*, 701 S.W.2d at 896; *see Maddox v. State*, 682 S.W.2d 563, 566 (Tex.Crim. App.1985) (concurring opinion). Utilizing the *Williams* two-part test, when an extraneous offense is offered under the "res gestae" or what can also be termed the "context of the offense" rationale, the prejudicial nature of it will rarely render it inadmissible *so long as* it truly sets the stage for the jury's comprehension of the whole criminal transaction. *Maynard*, 685 S.W.2d at 67; *Maddox*, 682 S.W.2d at 566 (concurring opinion). In other words, very little, if any, "balancing" under *Williams* is required because the probative value of true "context" evidence is so great. *See Maddox*, 682 S.W.2d at 566 n. 3 (concurring opinion).

In the instant case, the extraneous offense was not "res gestae" of the murder. In other words, the robbery which occurred after the murder did not truly set the stage for the jury's comprehension of the whole criminal transaction involving the murder and did not have any probative value concerning any contested issue regarding the murder. Consequently, it was not true "context" evidence. *See Maynard*, 685 S.W.2d at 67; *Maddox*, 682 S.W.2d at 566 (concurring opinion).

Further, evidence of the extraneous robbery was not admissible to show flight. Flight is a circumstance from which an inference of guilt may be drawn, *Riles v.*

*State,* 557 S.W.2d 95, 98 (Tex.Crim.App. 1977), but to be admissible the circumstances must indicate that the flight is "so connected with the offense on trial as to render it relevant as a circumstance bearing upon ... guilt." *Id.* at 99. And, as in the area of "res gestae", we perceive no separate test for admissibility of evidence of an extraneous offense admitted as evidence of flight. The *Williams* two-part test still applies and was not met in this case.

Here, the State properly introduced evidence of flight when Shane testified appellant ran by him with what appeared to be a gun in his hand. Shane's testimony became improper only when he was allowed to further testify about the second robbery after appellant ran past him. That second robbery, under the facts and circumstances of this case, was not so connected with the murder as to render it relevant as a circumstance bearing upon appellant's guilt of the offense charged. As the State's case was, in effect, uncontested, flight could have been easily shown without evidence of the extraneous robbery. *See Walls v. State,* 548 S.W.2d 38, 41 (Tex.Crim.App.1977); *Rogers v. State,* 484 S.W.2d 708, 711 (Tex. Crim.App.1972).

The determination that evidence of the extraneous offense was erroneously admitted does not end our analysis. We must now consider whether the admission of this evidence was harmful to the appellant.

If there is a reasonable possibility that the improperly admitted evidence of the extraneous offense might have contributed to the conviction or the punishment assessed, then the error was not harmless. *Plante v. State,* 692 S.W.2d 487, 495 (Tex. Crim.App.1985). In this case, the jury determined guilt or innocence but the trial court determined the punishment assessed. Therefore, we must first determine whether there is a reasonable possibility that the evidence of the extraneous offense, admitted before the jury at the guilt/innocence phase, might have contributed to the conviction.

In making this assessment, where the jury is the fact finder, we must determine from the record the probable impact of the erroneously admitted extraneous offense evidence on "the minds of an average jury." *Vanderbilt v. State,* 629 S.W.2d 709, 724 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). If we conclude "that the 'minds of an average jury' would not have found the State's case *significantly less persuasive* ..." had the evidence of the extraneous offense been excluded, we need not reverse. *Id.*

■ Appellant was identified by an unimpeached eyewitness as the person who shot the deceased. He confessed to the shooting and was identified fleeing from the scene of the murder with a gun in his hand. The evidence of guilt is overwhelming, and we hold that the "minds of an average jury" would not have found the State's case significantly less persuasive had the extraneous offense evidence been excluded; therefore, error at the guilt/innocence phase was harmless.

■ We now consider whether there is a reasonable possibility that the erroneously admitted extraneous offense evidence might have contributed to the punishment assessed. Punishment was assessed at life. If this maximum confinement punishment had been assessed by a jury, we could not say that there was no reasonable possibility that evidence of the extraneous offense contributed to the punishment assessed. However, the trial judge, not the jury, assessed punishment. The trial court, as the fact-finder at the punishment phase, is presumed to have disregarded any evidence—including that concerning the extraneous offense—that was improperly admitted. *See Kimithi v. State,* 546 S.W.2d 323, 327 (Tex.Crim.App.1977). Nothing in the record rebuts this presumption. Consequently, we hold that there was no reasonable possibility that the extraneous offense might have contributed to the punishment assessed. Accordingly, appellant's ground of error is overruled.

Affirmed.