

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00295-CV

ALLISON MICHELLE CROWELL, APPELLANT

V.

NATHAN ANDREW CROWELL, APPELLEE

On Appeal from the 146th District Court
Bell County, Texas
Trial Court No. 299,381-B, Honorable Jack Weldon Jones, Presiding

May 25, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This case is another example of parties failing to clearly write what they mean and thoroughly hear what was said. It is also an example of an appellee forgoing opportunity to assist the court's resolution of the appellate dispute by failing to tender an appellate brief.

Allison Michelle Crowell appeals from an Amended Decree of Divorce ending her marriage to Nathan Andrew Crowell. The sole issue concerns that part of the decree dividing her "401K" or Thrift Savings Plan. She alleged that the parties agreed to divide

merely the sums therein which were deemed community property. The trial court allegedly erred in ordering that the entire account be divided. We affirm in part, and reverse and remand in part.[1]

*Background*

Allison petitioned for divorce. Nathan filed a counter-petition requesting same. Before final hearing, the two struck a handwritten Rule 11 agreement.[2] Part of that agreement involved the disposition of Allison's retirement account; it stated: "Parties will split 401(K) (Pets.)." Both litigants signed the writing, as did their respective counsel. It was also filed with the trial court.

At the final hearing, Allison's attorney asked her: "We've agreed that you will be awarded the home and the savings, but y'all will split whatever the **community portion** that's in your 401(k), correct?" (Emphasis added). Allison answered: "Yes, ma'am." Nathan, too, testified at the proceeding. While doing so, his attorney asked him if he "agree[d] with [his] wife's statements." He answered "Yes, sir." His counsel also asked if there was anything that he cared to "add to or take away" from what his wife had said; Nathan answered, "No sir."

Thereafter, the trial court found that "the parties have entered into an agreement as set forth in this Rule 11 regarding division of property and debts, and those provisions which have been agreed upon are fair and equitable to both of the parties, and so I will

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

[2] The rule states that: "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11.

approve those and make those part of the order as well." However, in the final divorce decree, the trial court wrote the following with regard to the retirement account:

> [To Allison:] The remaining sums, *not otherwise awarded to Respondent herein,* of Petitioner's 401(k) Retirement Plan, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related thereto.
>
> \* \* \* \* \*
>
> [To Nathan:] One-half of the sums of Petitioner's 401(k) Retirement Plan, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related thereto.

Nathan subsequently moved for a new trial, noting that the 401(k) mentioned in the divorce decree was actually a "Thrift Savings Plan." So too did he aver that he thought he was to receive 50% of the entire account. Allison replied and told the trial court that "[t]he Thrift Savings Plan is the federal version of a 401(k)." This resulted in the trial court entering an Amended Final Divorce Decree awarding Nathan "[o]ne-half" of the "Thrift Savings Plan Benefits." Allison, then, moved for new trial arguing that the trial court erroneously awarded Nathan half of the entire savings account. That motion was overruled by operation of law.

*Issue on Appeal*

Through her sole issue, Allison contends that the trial court erred in awarding Nathan half of the entire Thrift Savings Plan, a proposition with which Nathan voiced no disagreement on appeal. We sustain the issue.

Rule 11 agreements are contracts relating to litigation and construed under the same rules applicable to contracts. *Shamrock Psychiatric Clinic, P.A. v. Tex. HHS*, 540

3

S.W.3d 553, 560 (Tex. 2018) (per curiam). Their creation may take different forms, such as through a series of letters or emails. *Id.* at 361. Being contracts and contracts being susceptible to modification by the parties thereto, Rule 11 agreements are similarly susceptible to modification by the parties. *See Hathaway v. Gen. Mills, Inc.*, 711 S.W.2d 277, 228 (Tex. 1986) (holding that "[p]arties have the power to modify their contracts"). Yet, logically, the modifications must comport with the requirements of Rule 11 to be enforceable under that rule. Finally, when an ensuing judgment is founded upon the agreement of the litigants that judgment must be in strict or literal compliance with the agreement. *Highland Homes Ltd. v. State,* 448 S.W.3d 403, 408 n.17 (Tex. 2014) (quoting *Vickrey v. Am. Youth Camps, Inc.,* 532 S.W.2d 292, 292 (Tex. 1976) (per curiam)). With that in mind, we turn to the case at hand.

Allison and Nathan executed a Rule 11 agreement. No one disputed that. The document manifesting the agreement said nothing of dividing merely the community portion of the Thrift Savings Plan. Yet, Allison testified that the agreement was so limited. More importantly, not only did Nathan expressly agree with that representation to the court but also the representation and his accession to it was captured on record in open court. These circumstances satisfied the requirements of Rule 11. *See Kanan v. Plantation Homeowner's Ass'n,* 407 S.W.3d 320, 328 (Tex. App.—Corpus Christi 2013, no pet.) (quoting *Cantu v. Moore,* 90 S.W.3d 821, 824 (Tex. App.—San Antonio 2002, pet. denied), and (stating that Rule 11 is satisfied when the terms of the agreement are dictated before a certified shorthand reporter, and the record reflects who is present, the terms of the settlement, and the parties' acknowledgement of the settlement). So, a new

4

or modified Rule 11 agreement was struck limiting the division of the account to only that portion classified as community property.

Having struck a new or modified agreement in effort to settle the dispute, the trial court was obligated to reflect the accord within its final decree. Yet, the words it used could still be read as awarding Nathan part of the entire Plan, irrespective of whether the corpus was community or separate property. To the extent the judgment can be so read, it is erroneous.

Generally, when the terms of an agreed judgment conflict with the underlying Rule 11 agreement, a court with jurisdiction to do so should modify the judgment to conform to the settlement agreement. *Ammann v. Ammann*, No. 03-09-00177-CV, 2010 Tex. App. LEXIS 8698, at *9 n.4 (Tex. App.—Austin Oct. 28, 2010, no pet.) (mem. op.). The Austin Court of Appeals also stated, in *Ammann,* that If the conflict is based upon judicial error, the appellate court must reverse the judgment and remand it to the trial court for entry of a judgment that conforms to the terms of the parties' agreement. *Id.* The error at bar is judicial in nature. Thus, we reverse that portion of the judgment concerning the division of Allison's Thrift Savings Plan, affirm the remainder, and remand this cause to the trial court for entry of judgment restricting the division of the Thrift Savings Plan to only the community property within it and valuing that community property at the time of divorce.

Brian Quinn
Chief Justice

5