NO. 07-00-0235-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 16, 2001



______________________________




KENNETH LEROY SIMMONS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 32,807-B; HONORABLE MARVIN MARSHALL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Upon a plea of guilty, on May 8, 1995, appellant Kenneth Leroy Simmons was
granted deferred adjudication for burglary of a habitation and was placed on probation for
five years. Then, upon the State's motion to proceed with an adjudication of guilt, the trial
court found that appellant violated the conditions of his probation and adjudicated him
guilty. The clerk's record contains a blank order appointing counsel on appeal with a
handwritten notation signed by appellant that he "does not want to appeal." Counsel for
appellant, however, filed a notice of appeal.

 On July 24, 2000, counsel for appellant filed a motion to abate the appeal explaining
that she could not determine whether appellant wished to prosecute his appeal and that
she had forwarded a motion to dismiss to him for his signature. In the motion, counsel
stated that she anticipated filing the motion to dismiss in August 2000. The motion to
abate the appeal was overruled and this Court sua sponte granted the court reporter an
extension to file the reporter's record. No motion to dismiss was filed and appellant's brief
was due to be filed no later than October 26, 2000. By letter dated December 12, 2000,
this Court notified appellant's counsel, Ms. Cynthia J. Barela, of the defect and directed
Ms. Barela to provide a satisfactory response to this Court by December 29, 2000, why the
brief has not been filed. Ms. Barela did not respond and the brief remains outstanding.

 Therefore, we now abate this appeal, and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b) (2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal; and

 2. whether appellant is indigent and entitled to appointed counsel.

 

 The trial court shall cause the hearing to be transcribed. Should it be determined
that appellant desires to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Friday, February 23,
2001.

 It is so ordered.


 Per Curiam








Do not publish. 



 Lee Simpson, Jr., appeals his conviction for the offense of
driving while intoxicated and sentence of incarceration for 365 days in the Williamson
County Jail. We affirm.
Background
          On June 13, 2006, at around 4:15 a.m., appellant was seen driving his truck on a
public road in Williamson County by Officer Anthony Catalano. Catalano was sitting in his
patrol car monitoring traffic when he saw appellant drive past at what Catalano believed
to be a speed well over the posted speed limit of 60 miles per hour. Catalano then used
the radar device in his patrol car to confirm that appellant was speeding. According to the
radar, appellant was traveling at a speed of 74 miles per hour. On the basis of this
information, Catalano initiated a traffic stop of appellant. Upon approaching appellant,
Catalano smelled the odor of alcohol coming from inside the vehicle and observed that
appellant’s eyes were red and had a “glossy” appearance. As a result, Catalano asked
appellant to step out of the vehicle. Catalano performed field sobriety tests (hereafter,
“FST”) on appellant. On all three tests, Catalano observed clues of intoxication. Catalano
then placed appellant under arrest for driving while intoxicated. Once he was transported
to the station, appellant refused to provide a breath sample for testing.
          Appellant was charged with the offense of driving while intoxicated. The information
further alleged that appellant had been previously convicted of a driving while intoxicated
offense. Prior to trial, appellant filed two motions to suppress evidence. These motions
challenged Catalona’s reasonable suspicion to stop appellant, Catalona’s probable cause
to arrest appellant, and the admissibility of any statements made by appellant during the
investigatory detention or while under arrest. Prior to the beginning of the trial, the trial
court heard appellant’s motions. All of the testimony elicited during this hearing related to
Catalona’s reasonable suspicion for the stop. Prior to ruling on the motions, the trial court
specifically asked appellant if he was limiting his motion to suppress to the issue of the
reasonable suspicion for the stop and appellant confirmed that this was the only issue he
was challenging by way of the motions. The trial court then overruled appellant’s motions
and the case proceeded to trial.
          During the trial, Catalona testified as to the basis for his stop of appellant as well as
his administration of the FST. Appellant objected to Catalona’s testimony regarding the
FST based on appellant’s allegation that Catalona failed to follow the standards required
in administering the FST. The trial court overruled appellant’s objection. By cross-examination, appellant questioned Catalona about the basis for his stop of appellant and
the method of his administration of the FST. At the close of evidence, appellant requested
that the jury charge include a specific paragraph discussing the burden of proof required
to convict appellant. After hearing argument on this issue, the trial court denied the
requested instruction. The jury returned a verdict finding appellant guilty and the trial court
assessed his punishment at 365 days incarceration in the Williamson County Jail.
          By three issues, appellant challenges the judgment and sentence. Appellant’s first
issue contends that the trial court erred in denying appellant’s motion to suppress evidence
based on the illegality of Catalona’s stop of appellant. Appellant’s second issue challenges
the trial court’s denial of appellant’s motion to suppress evidence based on Catalona’s
failure to properly administer the FST.


 By his final issue, appellant contends that the trial
court erred in denying appellant’s request that an additional instruction be included in the
jury charge.
Motion to Suppress
          By his first issue, appellant contends that the trial court erred in denying his motion
to suppress evidence obtained as a result of Catalona’s stop of appellant because
Catalona lacked reasonable suspicion for the stop. The State responds that Catalona had
the requisite reasonable suspicion based on his visual estimate that appellant was traveling
in excess of the posted speed limit and the confirmation that appellant was speeding
provided by Catalona’s in-car radar.
          Generally, a trial court’s ruling on a motion to suppress is reviewed by an abuse of
discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); 
Maddox v. State, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985). Whether the trial court
abused its discretion depends upon whether, given the record and the law, its decision fell
outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918
(Tex.App.–Amarillo 1999, pet. ref’d). However, if the facts determinative of the motion are
undisputed, then the review is de novo. See Oles, 993 S.W.2d at 106; Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997). 
          A police officer may stop and temporarily detain an individual whom he suspects of
criminal activity as long as the officer has a “reasonable suspicion that some activity out
of the ordinary is occurring or has occurred, some suggestion to connect the detainee with 
the unusual activity, and some indication the unusual activity is related to crime.” Garza
v. State, 771 S.W.2d 549, 558 (Tex.Crim.App. 1989) (en banc). A police officer may
lawfully stop and detain a person for a traffic violation so long as the officer has a
reasonable basis for suspecting an offense has been committed. McVickers v. State, 874
S.W.2d 662, 664 (Tex.Crim.App. 1993). Further, a police officer does not need to know
the exact speed at which an automobile is traveling in order to make a stop for a traffic
violation. Dillard v. State, 550 S.W.2d 45, 53 (Tex.Crim.App. 1977) (op. on reh’g). To
justify a temporary detention, an officer must articulate facts which, in light of his
experience and personal knowledge, together with reasonable inferences drawn from
those facts, would warrant a temporary intrusion on the freedom of the person detained. 
Woods v. State, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997).
          In the present case, Catalona testified, at the hearing on the motion to suppress,
that he visually estimated that appellant’s vehicle was traveling at around 70 miles per
hour, which was 10 miles per hour over the posted speed limit. Catalona then used his in-car radar to confirm his visual estimate. The radar, which Catalona testified that he had
been trained to use and that he had calibrated for accuracy at the beginning of his shift,
indicated that appellant’s vehicle was traveling at 74 miles per hour. Appellant contends
that Catalona did not have reasonable suspicion to stop appellant because Catalona did
not use any standard methodology upon which to base his visual estimate of appellant’s
speed and because the audio portion of his radar was not functioning at the time that
Catalona used it to check appellant’s speed.


 
          An officer’s visual estimate of a vehicle’s speed may be sufficient to give an officer
a reasonable suspicion to stop the vehicle. See Hesskew v. Tex. Dep’t of Pub. Safety, 144
S.W.3d 189, 191 (Tex.App.–Tyler 2004, no pet.); Icke v. State, 36 S.W.3d 913, 915-16
(Tex.App.–Houston [1st Dist.] 2001, pet. ref’d). In addition, an officer’s testimony that he
had been both trained to operate a radar and test for its accuracy is a sufficient predicate
to support admission of radar evidence. Cromer v. State, 374 S.W.2d 884, 887
(Tex.Crim.App. 1964). Thus, we conclude that Catalona’s visual estimate of appellant’s
speed, confirmed by his in-car radar unit, provided a sufficient basis for Catalona to
reasonably believe that appellant was violating a traffic law. Therefore, we conclude that
Catalona possessed sufficient reasonable suspicion to justify the stop of appellant and the
trial court did not err in denying appellant’s motion to suppress evidence.
          We overrule appellant’s first issue.
Admission of Evidence of Field Sobriety Tests
          By his second issue, appellant contends that the trial court erred in overruling his
objection to Catalona’s testimony regarding the administration of and conclusions drawn
from the FST. Specifically, appellant contends that Catalona did not perform the required
minimum number of passes while administering the horizontal gaze nystagmus test and
administered the walk and turn and one-leg stand tests on an improperly sloped surface
and, thus, the tests are not reliable proof of appellant’s intoxication. The State contends
that slight variations in the administration of the FST does not render the evidence
inadmissible or unreliable, but rather goes to the weight to be afforded that evidence.
          A trial court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App.2000);
Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). A reviewing court should
not reverse a trial judge’s decision whose ruling was within the zone of reasonable
disagreement. Green, 934 S.W.2d at 102. If the trial judge's decision is correct on any
theory of law applicable to the case, the decision will be sustained. State v. Ross, 32
S.W.3d 853, 855-56 (Tex.Crim.App. 2000). 
          The battery of FST utilized by Catalona have been found to be reliable indicators
of intoxication, provided that the tests are administered in accordance with the
standardized guidelines. See Emerson v. State, 880 S.W.2d 759, 768-69 (Tex.Crim.App.
1994); Compton v. State, 120 S.W.3d 375, 377 (Tex.App.–Texarkana 2003, pet. ref’d). 
However, slight deviations from the guidelines in administering the FST do not render the
evidence inadmissible, but may affect the weight to be afforded the evidence. See
Compton, 120 S.W.3d at 378 (citing Preface to Nat’l Highway Traffic Safety Admin., U.S.
Dep’t of Transp., DWI DETECTION AND STANDARDIZED FIELD SOBRIETY TESTING
STUDENT MANUAL).
          In the present case, appellant argues that Catalona failed to perform the requisite
number of passes in administering the horizontal gaze nystagmus test, thus, making the
test unreliable as an indicator of intoxication. However, on voir dire examination, Catalona
testified that he performed “more than the minimum” number of passes when administering
the test on appellant. In addition, the trial court indicated that it reviewed the videotape of
Catalona’s performance of the test on appellant before overruling appellant’s objection.


 
As the crux of the dispute over the horizontal gaze nystagmus test relates to the
determination of the historical fact of whether Catalona performed the requisite number of
passes on appellant for the test to be considered reliable, we will afford almost total
deference to the trial court’s determination. See Loserth v. State, 963 S.W.2d 770, 773
(Tex.Crim.App. 1998). The trial court was free to believe or disbelieve Catalona’s
testimony that he performed more than the minimum number of passes in administering
the test on appellant and we will not disturb the trial court’s determination that the
horizontal gaze nystagmus test was administered in compliance with the standardized
requirements for the test absent a showing of an abuse of discretion. See Ross, 32
S.W.3d at 858.
          As to the walk and turn and one-leg stand tests, appellant contends that the ground
upon which Catalona performed the tests was not level and that this invalidates the test
results. Catalona testified that the surface upon which he administered these tests was
reasonably flat. By way of further explanation, Catalona testified that, “I say it was
reasonably flat because when we are standing out there I could not feel the weight of the
slope. I could not feel my weight if I was standing on a flat surface.” In addition, the trial
court saw evidence of the slope of the ground upon which these tests were performed both
in pictures offered by appellant and in the videotape of the performance of the FST. The
crux of the dispute regarding the administration of these tests is the factual determination
of whether the slope of the surface upon which these tests were administered were such
“slight deviations” that the tests remained valid indicators of intoxication. As above, we will
afford almost total deference to the trial court’s factual determination. Loserth, 963 S.W.2d
at 773. The trial court was free to believe or disbelieve Catalona’s testimony that the walk
and turn and one-leg stand were performed on a reasonably flat surface and we will not
disturb the trial court’s implicit determination that the slope was a slight deviation from the
standard and did not invalidate the tests absent a showing of an abuse of discretion. See 
Ross, 32 S.W.3d at 858.
          Because appellant has failed to establish that the trial court abused its discretion in
overruling appellant’s objection to the evidence of the FST, we overrule appellant’s second
issue.
Jury Instruction
          By his third issue, appellant contends that the trial court erred in denying his request
that an additional jury instruction be included in the jury charge. Appellant requested that
the trial court include the following language in the charge:
You are further instructed that you cannot convict the defendant in this case
unless you believe from the evidence beyond a reasonable doubt that the
defendant did operate a motor vehicle in a public place within the County of
Williamson and State of Texas as alleged in the indictment or as alleged in
the information and unless you further believe the evidence beyond a
reasonable doubt that the defendant was intoxicated at the very time he is
alleged to have operated said motor vehicle. And if you have reasonable
doubt as to either of these two matters, you must resolve that doubt in favor
of defendant and say by your verdict not guilty.The State responds by highlighting where in the charge this same information is conveyed
and argues that appellant failed to show how he was harmed by the trial court’s denial of
his request. 
          We note that the charge that was given to the jury instructed them that:
If you believe from the evidence beyond a reasonable doubt that in the
County of Williamson and State of Texas, on or about June 13, 2006, the
Defendant Christopher Lee Simpson, Jr. did operate a motor vehicle in a
public place while he was intoxicated, namely by not having the normal use
of mental or physical faculties by reason of the introduction of alcohol into
the body, you will find the Defendant “guilty” as charged, but if you do not so
find, or if you have a reasonable doubt thereof, you will acquit the Defendant
by a verdict of “not guilty.”
Comparing this paragraph of the jury charge with the instruction requested by appellant
reveals that the requested instruction was superfluous. The charge instructed the jury as
to the elements of the offense, the presumption of innocence, the beyond a reasonable
doubt standard, and properly applied the law to the facts in the application paragraph. As
such, we cannot conclude that the trial court erred in denying appellant’s requested
instruction and we overrule appellant’s third issue.
Conclusion
          Having overruled each of appellant’s issues, we affirm the judgment of the trial
court.
Mackey K. Hancock

Justice

Do not publish.