## EUGENE RAY ROSS V. STATE

No. 31,827. April 6, 1960

*A. A. Semaan*, San Antonio, for appellant.

*Charles J. Lieck, Jr.*, Criminal District Attorney, *Norma Lee Fink*, Assistant Criminal District Attorney, San Antonio, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving while intoxicated; the punishment, 60 days in jail and a fine of $200.

Appellant, while driving an automobile upon a public highway at an excessive speed, was pursued by a Texas Highway Patrolman who stopped the car and observed him; described his actions and appearance and concluded that he was intoxicated. A beer bottle, some of the contents of which had spilled on the floor of the car, was found in the automobile after the officer concluded that appellant was intoxicated, and also a .38 caliber Smith and Wesson snub nosed revolver was found in the car.

Appellant was then handcuffed and taken to jail where he was observed by another patrolman who also concluded that he was intoxicated.

The two patrolmen testified at the trial and their testimony showed that appellant was intoxicated.

314

Appellant and his witnesses, who had seen him earlier in the evening, denied that he was intoxicated, though it was shown by their testimony that appellant drank three bottles of beer during the evening.

The jury resolved the issue against appellant, and the sufficiency of the evidence to sustain its verdict is not challenged.

The principal ground for reversal is the admission of the patrolman's testimony regarding the pistol. It is contended that the arresting officer's testimony that he found a pistol in the car should have been excluded because it showed a collateral offense. The punishment assessed by the jury is pointed to as demonstrating the prejudicial effect of such testimony.

We overrule this contention. The jury was entitled to know that the defendant on trial had control of a pistol as well as a motor vehicle while he was intoxicated. Proof of the circumstances surrounding the commission of an offense which form a part of the occurrence is admissible. 18 Tex. Jur. p. 305; Hemmeline v. State, 165 Tex. Cr. Rep. 583, 310 S.W. 2d 97; Fite v. State, 163 Tex. Cr. R. 279, 290 S.W. 2d 897.

The remaining ground for reversal relates to cross-examination of appellant's witnesses Cavenaugh and Cravey.

The witness Cavenaugh had testified that appellant did not appear to be intoxicated when he saw him about 7 P.M., and when he was released from jail at about 1:30 A.M.

On cross-examination he was asked if he had ever seen appellant intoxicated, and the objection that the question was improper was sustained.

Mr. Cavenaugh then testified that when he saw appellant about 7 o'clock he was drinking a beer, and later in his cross-examination he was asked: "Have you ever run into him anywhere where he was not drinking?" Objection was overruled but the question was reframed, before being answered, to inquire: "Have you ever seen him anywhere except at places where he would be eating and drinking?" Mr. Cavenaugh answered that appellant had been in his store several times and "he wasn't drinking in my store."

The testimony sought to be elicited and which was elicited was summed up as follows:

"Q. In other words, it is your testimony that you don't really know of your own knowledge whether or not you have ever seen him when he has had absolutely nothing to drink, is that correct? A. That is correct, I wouldn't know that."

The witness Cravey testified on cross-examination that he had ridden in a car with appellant. He was then asked: "Now, have you ever ridden in a car with him when you knew of your own knowledge that he had absolutely nothing to drink?"

The objection that the question left an inference about some extraneous offense was overruled, and substantially the same question was repeated and the witness answered in the affirmative.

The witness then was asked and answered questions by which it was shown that appellant was a careful driver; a good driver; obeyed traffic signs and stayed on his side of the road.

The manner in which appellant was driving when pursued by the officer led to his being stopped. We are aware of no authority and none is cited holding that it was not permissible for the state to show that when he had not been drinking he was a careful driver, as indicated by his employment as a test driver for a tire testing experiment.

We cannot agree that the cross-examination was error calling for reversal or that it raised an inference that appellant on other occasions drove an automobile while he was intoxicated.

The evidence sustains the conviction and no reversible error appears.

The judgment is affirmed.