**Lawrence Houston MADDOX,
Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 049–84.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 9, 1985.

Allen C. Isbell, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Eleanor Montague McCarthy and Richard Wilkinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

**564**

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of the offense of delivery of methamphetamine, a controlled substance. A jury assessed his punishment at confinement in the Texas Department of Corrections for twenty years, after having first found true an enhancement paragraph alleging a prior burglary conviction.

The Court of Appeals for the First Supreme Judicial District in Houston reversed the conviction because the trial court admitted into evidence a rifle seized by the police at the time and place of appellant's arrest. In reversing, the court below held that the trial court erred in admitting evidence of a rifle found during the arrest, holding that such evidence was inherently prejudicial and had no relevance to any issue in the case. We granted the State's petition for review in order to determine the propriety of that decision. We reverse the Court of Appeals.

On the day of the offense, Houston Police Officer J.D. Cargill, working under cover, went to a private residence in Harris County, to conduct a narcotics transaction. There, he met Mel, Patty, and Paula, having arranged by a prior telephone conversation with Paula to buy a half-ounce of methamphetamine. Cargill learned that the group had only one-eighth of an ounce of methamphetamine. Mel left with another person to obtain more substances and returned a few hours later in a truck. Upon his return, Mel was accompanied by the appellant and one Sandoz. Mel and Sandoz exited the truck, while appellant remained seated. Cargill observed the appellant with a plastic baggie in his hand and saw the appellant hand the baggie to Sandoz. Sandoz gave the baggie to Mel, who put it in his shirt pocket. Mel subsequently delivered the baggie containing methamphetamine to Cargill.

Appellant and Sandoz were sitting in the pickup in front of the residence when narcotics officers arrested them. One officer observed and seized a "military" rifle from the floorboard of the pickup.

Appellant objected to the introduction of the weapon into evidence on the ground that it was immaterial and irrelevant to the crime and that its display before the jury would only be prejudicial, thus denying appellant a fair trial. A hearing on such objection was conducted outside the jury's presence, after which appellant's objection was overruled. The rifle was subsequently admitted into evidence by the trial court.

Officer Britt testified he observed an "assault rifle" on the floorboard beneath appellant's feet. Britt described the rifle as a Heckler and Koch model 91, .308 assault rifle, semi-automatic, clip-fed through a box magazine, and gas operated. He also testified that appellant put his hands up immediately when the police approached the pickup, that the rifle was unloaded, but that a live clip was found in the glove compartment. The rifle was not shown to be a prohibited weapon. See V.T.C.A. Penal Code, Sec. 46.06.

 The general rule in Texas is that the State is entitled to show circumstances surrounding an arrest. *Williams v. State,* 535 S.W.2d 637 (Tex.Cr.App.1976); *Hernandez v. State,* 484 S.W.2d 754 (Tex.Cr.App.1972); *Jones v. State,* 471 S.W.2d 413 (Tex.Cr.App.1971). However, when such evidence is "inherently prejudicial and has no relevance to any issue in the case," then the general rule no longer applies, and the evidence becomes inadmissible. *Hernandez,* supra; *Powell v. State,* 478 S.W.2d 95 (Tex.Cr.App.1971). In reviewing questions of this sort, we are constrained to pass on claimed error by determining only whether the trial judge *clearly*[1] abused his discretion in allowing the evidence to be admitted. *Hernandez,* supra; *Lanham v. State,* 474 S.W.2d 197 (Tex.Cr.App.1971).

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indi-

cated.

In *Jones,* supra, the defendant was arrested for robbery more than two months after the crime. The vehicle he was driving when arrested was determined to have been "hot wired." This Court held there was no error in admitting this evidence as a circumstance surrounding the arrest.

The defendant in *Ross v. State,* 334 S.W.2d 174 (Tex.Cr.App.1960) was arrested for driving while intoxicated. The trial court allowed testimony that a .38 caliber handgun was found by arresting officers inside the car. This Court held, inter alia, that "the jury was entitled to know that the defendant on trial had control of a pistol as well as a motor vehicle while he was intoxicated. Proof of the circumstances surrounding the commission of an offense which form a part of the occurrence are admissible." *Ross,* supra @ 175.

In *Williams,* supra, the defendant was convicted of possession of marihuana. Evidence showing that a gun was found in defendant's suitcase soon after the arrest was admitted into evidence. We held:

"The articles in question were found in appellant's possession *at the time of the commission of the offense and of the arrest.* They were circumstances surrounding the offense and the arrest, and were relevant not only to guilt, but also to the issues of punishment and probation. No clear abuse of the trial court's discretion is shown."

The majority opinion of the court below relies primarily on two cases decided by this Court. In *Cunningham v. State,* 500 S.W.2d 820 (Tex.Cr.App.1973), the defendant was a passenger in a car that matched the description of a car believed to have been used in an aggravated robbery. The car was stopped by police and a subsequent search of same revealed a sawed-off shotgun in the trunk. The shotgun was introduced into evidence over the defendant's objection. The evidence revealed that a handgun had been used to effectuate the robbery, and this Court held that since the shotgun had no relevance to any issue in the case, the trial judge abused his discretion in admitting it into evidence. Addition-

ally, however, this Court concluded that since the other evidence of guilt was overwhelming, the error was harmless.

In *Stanley v. State,* 606 S.W.2d 918 (Tex. Cr.App.1980), the defendant and several other persons were arrested in a vehicle some 13 days after the commission of an aggravated robbery. Numerous weapons, including shotguns, handguns, knives, a bayonet, a police scanner, and a wireless microphone were recovered from the vehicle and admitted into evidence at the defendant's trial. The evidence showed that only one shotgun was identified by the victim as the weapon most likely used in the robbery. The other items were found by this Court to have been improperly introduced, because they were unrelated to the crime and therefore prejudicial.

We find that the reliance of the court of appeals on these two cases is misplaced. In both *Cunningham,* supra and *Stanley,* supra the State failed to show any connection whatever between the evidence introduced and the crimes committed. Clearly then, in those cases, the evidence was both inadmissible and prejudicial. In the case at bar, however, the rifle was shown to have been directly connected with, and contemporaneous to, and inseparable from the arrest of the appellant.

We find that both the facts and the rationale employed by this Court in *Williams* and *Ross* are dispositive of the issue in the case at bar. The trial judge in the instant case did not abuse his discretion in admitting the rifle. See *Hernandez,* supra.

The judgment of the court of appeals is reversed and the cause is remanded for consideration of appellant's other grounds of error.

MILLER, J., concurs.

CLINTON, Judge, concurring.

I concur in the result reached in the majority opinion because the seizure of the semiautomatic "assault rifle" recovered from beneath appellant's feet as he sat in a pickup truck outside the house in which his companion had gone to effect a drug trans-

action was part and parcel of a single continuing transaction. It is always permissible to prove the "context of the offense;"[1] what occurs immediately prior and subsequent to the commission of the offense on trial is always admissible under the reasoning that events do not occur in a vacuum and the jury has a right to have the offense placed in its proper setting so that all evidence may be realistically evaluated. See *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972).

When evidence is offered under this "context of offense" rationale, the prejudicial nature of it will rarely render it inadmissible *so long as* it truly sets the stage for the jury's comprehension of the whole criminal transaction.

Since it is clear under the record of this particular case that arresting appellant and finding the rifle at his feet were constituent facts of the context of the criminal transaction, those facts were correctly admitted in appellant's trial.

The majority errs, however, in suggesting there is some authoritative rule which generally admits evidence of circumstances surrounding—or the context of—*the arrest* in all criminal prosecutions. To the contrary, the general rule is that *only* if the circumstances of the arrest are relevant to a material issue in the prosecution,[2] for some reason unique to that prosecution, is evidence of those circumstances admissible,

and then, only if the probative value of the evidence outweighs its prejudicial potential.[3] E.g., *Smith v. State*, 646 S.W.2d 452 (Tex.Cr.App.1983); *Heflin v. State*, 574 S.W.2d 554 (Tex.Cr.App.1978); *Gaston v. State*, 574 S.W.2d 120 (Tex.Cr.App.1978). As in the instant case, since evidence of the arrest happens to coincide with context of offense evidence, the probative value is very high.

It is true that in days past a line of cases developed for the purported proposition that circumstances surrounding the arrest of every accused were somehow elevated to admissible matters in every prosecution;[4] many of those cases are cited in the State's petition for review. Though this line of cases has never been directly overruled, the modern trend, since 1978 when Judge Vollers wrote *Gaston v. State*, supra, has been to recognize the error of those cases, the error of their application as a rote rule, and to treat the issues on a case by case basis.[5] Thus, cases decided prior to 1978 on "res gestae of the arrest" are of questionable precedential value and should be viewed as such.

Indeed, if the case before us involved admission of prejudicial evidence which related only to the *arrest* and in no way to the *offense*, we would be called upon finally to review and to overrule the pre1978 line of cases cited by the State. But as stated

---

1. This is sometimes unconducively labeled "res gestae." The term "res gestae," however, adds little more than confusion to any legal discussion because so many wholly unrelated types of evidence which may or may not be admissible for a diversity of reasons are also labeled "res gestae." See *King v. State*, 631 S.W.2d 486, 492, n. 12 and accompanying text (Tex.Cr.App.1982); see also *Gaston v. State*, 574 S.W.2d 120 (Tex.Cr. App.1978).

2. The material issues in any given case are those framed by the State's indictment on which the State has the burden of proof. See *Rubio v. State*, 607 S.W.2d 498 (Tex.Cr.App.1980) (Opinion concurring). Thus the arrest of the accused is never of and by itself a material issue in the case and will generally be made one only at the defendant's option. See *Hardesty v. State*, 667 S.W.2d 130, 133, n. 6 (Tex.Cr.App.1984).

3. Again I note that the prejudicial nature of true "context of offense" evidence is generally irrelevant to its admission. In other words very little, if any, "balancing" is required because the probative value of true "context" evidence is so great.

4. See, e.g., *Jones v. State*, 471 S.W.2d 413 (Tex. Cr.App.1971) and its progeny.

5. While I believe the majority opinion has essentially reasoned through this case individually, and reached the correct result, I do not feel assured that it recognizes the notable lack of logic in some of the "res gestae of arrest" cases it cites, particularly *Jones*, supra.

earlier, it is unnecessary to rely on those cases at all.[6]

The majority opinion cites and quotes cases dealing with the issue which when properly interpreted are essentially correct; e.g., *Williams v. State*, 535 S.W.2d 637 (Tex.Cr.App.1976) and *Ross v. State*, 169 Tex.Cr.R. 313, 334 S.W.2d 174 (Tex.Cr.App. 1960); the majority even points out that the court of appeals erroneously relied on *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr. App.1973) and *Stanley v. State*, 606 S.W.2d 918 (Tex.Cr.App.1980), because in those cases, "the State failed to show any connection whatever between the evidence introduced and the *crimes committed*." [7] But the majority then incorrectly recites an ultimate rationale for upholding the admission of the rifle in this case: that is that the rifle was shown to have been "directly connected with, and contemporaneous to, the *arrest* of appellant."

Only because the *arrest* of appellant was "directly connected with, and contemporaneous to," the *offense* committed by appellant, is the evidence complained of admissible.

On this basis, I concur in the judgment of the Court.

---

6. Indeed, if the State had only read the record in this case carefully at any point after trial, the best ground for rejecting appellant's complaint about the rifle might have been discovered: the error was not preserved.

Though both the court of appeals and the majority opinion for this Court state that a hearing was had on appellant's objection (that a discussion of the rifle was prejudicial and irrelevant to any material issue in the case), the record reflects a hearing was conducted *only* on appellant's objection that the officers had *no probable cause* to search the truck or seize the rifle.

After appellant's "motion in limine/motion to suppress" was overruled the rifle was exhibited before the jury and addressed at length in the testimony of the arresting officer *before* appellant ever voiced his objection that the court of appeals sustained.

Incredibly, the State has never brought this sequence of events to the attention of either appellate court. Because of this failure and the concomitant fact that we granted review on the merits, I believe that, as a reviewing court, we are correct to resolve the case on the merits.

7. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.