TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00588-CR







Joseph Brannon Edler, II, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY,


NO. 95CR942, HONORABLE FRED CLARK, JUDGE PRESIDING





PER CURIAM



 Joseph Edler, appellant, was indicted for possession of less than two grams of marihuana. 
See Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1997). After his pretrial motion to suppress
evidence was overruled, appellant pleaded nolo contendere to the offense. The court adjudged appellant
guilty of possession of marihuana and, pursuant to a plea bargain, assessed punishment at sixty days in jail,
a fine of four hundred fifty dollars, and twenty-four hours of community service. The imposition of the jail
sentence was suspended and appellant was placed on probation for one year subject to certain conditions,
and the fine was probated to one hundred dollars. By one point of error, appellant complains that the trial
court erred by denying his motion to suppress all evidence obtained as a result of his seizure, which
"constituted either an illegal detention or arrest." We will affirm the trial-court judgment.


 Appellant filed a motion seeking to suppress all evidence obtained as a result of an illegal
seizure of his person and property in his arrest for possession of marihuana. The only evidence introduced
at the suppression hearing was a copy of the offense report. The parties stipulated to the facts contained
in the report. The report provides that Officer Spence stopped appellant for having inoperable tail lights. 
The legality of this stop is not contested. Officer Spence identified himself and appellant identified himself
by showing his drivers license. Appellant appeared very nervous, clenching the steering wheel tightly and
would not look at the officer.

 After filling out a ticket, Officer Spence asked appellant to step out of the car. The officer
asked if he had any narcotic violations on his record to which appellant responded that he did, a possession
of marihuana violation. Appellant became even more nervous. Officer Spence asked appellant if he would
allow the officer to check the car with his narcotics detection dog. Appellant replied it was okay with him. 
The officer told appellant he needed to frisk appellant for weapons before he got the dog out of the car. 
The officer then asked appellant if he had any drugs on him, to which appellant said "no". Suddenly,
appellant jammed his right hand down between his warm-ups and shorts and started crushing something
sounding like a plastic bag. Appellant pulled a plastic bag out of his pants containing a green leafy
substance which began spilling onto the ground. Officer Spence seized the bag. While much of the
contents blew away, a small amount remained which, after testing, was determined to be marihuana.

 By a sole point of error, appellant contends that the trial court erred by overruling his
motion to suppress. Appellant concedes that Officer Spence had probable cause to stop his car because
the tail lights were not working properly. Appellant contends, however, that at the time Officer Spence
asked him to exit the car, there was no articulable basis to detain or arrest him other than that he appeared
nervous. Appellant contends that his federal and state constitutional rights were violated when he was
asked to step out of the car after Officer Spence completed filling out the ticket. Appellant contends that,
at this point, the officer had completed his investigation of the traffic offense and had no basis for asking him
to exit the car other than that appellant appeared nervous. Appellant argues that rather than properly
investigating the potential reasons for why appellant was nervous, the officer "jumped the gun by ordering
appellant from the car." He contends that, at that time, he was illegally seized and subjected to either an
illegal detention or arrest in violation of the Fourth Amendment to the United States Constitution and Article
I, section 9 of the Texas Constitution.

 At a hearing on a motion to suppress, the trial judge is the sole fact finder. Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Rodriguez v. State, 939 S.W.2d 211, 215 (Tex.
App.--Austin 1997, no pet.). The trial court's ruling should not be disturbed absent an abuse of discretion. 
Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). An appellate court considers only
whether the trial court improperly applied the law to the facts. Romero, 800 S.W.2d at 543. Where, as
here, the record contains a ruling but no findings of fact or conclusions of law, the appellate court must
presume that the trial court found whatever facts were needed to support its ruling. Carroll v. State, 911
S.W.2d 210, 222 (Tex. App.--Austin 1995, no pet.). The court's ruling at the suppression hearing will
be sustained if it can be upheld on any valid theory regardless of whether the State argued it at trial or on
appeal. Id.; Nored v. State, 875 S.W.2d 392, 395 (Tex. App.--Dallas 1994, pet. ref'd) (citing Lewis
v. State, 664 S.W.2d 345, 347 (Tex. Crim. App. 1984)). The appellate court should not intercede even
if it would have reached a different result so long as the trial court's ruling is within the zone of reasonable
disagreement. Dubose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996); Rodriguez, 939 S.W.2d
at 215.

 A police officer may temporarily detain a person for purposes of gathering information or
determining whether a crime has been committed even though there is no probable cause for arrest. Terry
v. Ohio, 392 U.S. 1, 22 (1968); Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App. 1983). A
routine traffic stop is a temporary investigative stop. Berkemer v. McCarty, 468 U.S. 420, 437-39
(1984); see also Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982) (violation of traffic
laws is sufficient authority for officer to stop vehicle). As part of this temporary detention, an officer may
ask an individual to exit a car. Pennsylvania v. Mimms, 434 U.S. 106, 109-111 (1977); Gearing v.
State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985).

 The record shows and appellant concedes that he was lawfully stopped for a traffic
violation--no tail lights. See Tex. Transp. Code Ann. § 547.322 (West Supp. 1997). Since it was a lawful
stop, the officer was permitted to ask appellant to exit the car. The officer's request for appellant to exit
the car was no more than a temporary investigative detention. Filling in the blanks on a ticket does not
necessarily indicate that an officer has completed an investigation of a traffic offense. After appellant was
out of the car, the officer asked him a few questions to which appellant reacted by pulling a plastic bag
containing marihuana out of his pants. Appellant was not illegally detained, seized, or arrested. The trial
court did not abuse its discretion by overruling appellant's motion to suppress. We overrule appellant's
point of error and affirm the trial court's judgment.



Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: September 11, 1997

Do Not Publish



ppellant contends that the trial court erred by overruling his
motion to suppress. Appellant concedes that Officer Spence had probable cause to stop his car because
the tail lights were not working properly. Appellant contends, however, that at the time Officer Spence
asked him to exit the car, there was no articulable basis to detain or arrest him other than that he appeared
nervous. Appellant contends that his federal and state constitutional rights were violated when he was
asked to step out of the car after Officer Spence completed filling out the ticket. Appellant contends that,
at this point, the