TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00040-CR







Deleslyn Lightsey Miller, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 98-2789, HONORABLE BOB PERKINS, JUDGE PRESIDING







 A jury convicted appellant of delivery of a controlled substance, cocaine, in an
amount less than one gram. See Tex. Health & Safety Code Ann. § 481.112(a), (b) (West Supp.
1999). The trial court assessed punishment, enhanced by two prior felony convictions, at
confinement for six years. In three issues, appellant challenges her conviction on the grounds that
the trial court impermissibly excluded relevant testimony as hearsay; the trial court excluded
testimony relevant to her duress defense; and the prosecutor's closing argument exceeded the
bounds of proper jury argument. We will overrule these issues and affirm the conviction.

 At trial, Austin Police Officer Edward Johnson testified that in May 1998 he was
participating in a two-month long narcotics "sting" operation known as Operation Crack Down
on South Congress Avenue in Austin. Along with other police officers, he worked as an
undercover officer making purchases of drugs from local drug dealers. On May 2, 1998, Officer
Johnson was driving in an unmarked vehicle when he was approached by an individual known as
James Magee and another man who agreed to take him to a local motel where he could purchase
some crack cocaine. When they arrived at the motel, the two men exited the vehicle. A few
minutes later, the men returned with the appellant, who entered the officer's car. After discussing
with Magee a "tip" for helping him to find drugs, the officer and appellant drove off. It became
apparent to the officer that appellant thought he was purchasing not drugs, but sex. When he
explained to her that he wanted to purchase rock cocaine instead, she immediately exited the car,
returned with cocaine, and delivered it to him. A "take down" unit in a marked police car pulled
over the undercover car. Appellant was identified but not arrested at that time in an effort to
conceal the continuing undercover operation. A videotape in the car recorded the transaction.

 Appellant testified and admitted selling cocaine to the undercover officer. She
contended, however, that she was afraid of Magee, that she acted under duress, and that she was
coerced by Magee to sell the drugs to the officer. Specifically, appellant testified that she was
asleep at the motel when the two men summoned her. Magee was angry with her and she felt
threatened by him. When defense counsel sought to elicit the conversation that occurred between
appellant, Magee, and the other man, the prosecutor objected on hearsay grounds. On appeal,
appellant contends as her first issue that the trial court improperly excluded evidence of the threats
made to her by Magee. 

 After testifying that she did not feel free to leave the room on her own, defense
counsel elicited the following testimony:


 DEFENSE COUNSEL: Did you feel threatened?

 DEFENDANT: Yes.

 DEFENSE COUNSEL: Were you threatened?

 DEFENDANT: Yes.

 DEFENSE COUNSEL: Did you feel your life was in danger?

 DEFENDANT: Yes.

 DEFENSE COUNSEL: Okay. And you felt your life was in danger because?

 DEFENDANT: I was told I was lying.


At that point, the trial court sustained a hearsay objection made by the prosecutor. The testimony 


continued:



 DEFENSE COUNSEL: Okay. Ms. Miller, you have to understand you can't tell
us what somebody else told you. Okay.


 DEFENDANT: Sorry.


 DEFENSE COUNSEL: Okay. You felt threatened?


 DEFENDANT: Yes.


 DEFENSE COUNSEL: Okay. Were you threatened, yes or no?


 DEFENDANT: Yes.


 DEFENSE COUNSEL: Okay. Who threatened you?


 DEFENDANT: James Magee.


 DEFENSE COUNSEL: Okay. Did you believe the threat?


 DEFENDANT: Yes.


 DEFENSE COUNSEL: Okay. Did you feel your life was in danger based upon
what he told you?


 DEFENDANT: Yes.



As she described the transaction in the car, appellant again testified that she was nervous and
frightened. 

 On appeal, appellant asserts that the trial judge improperly excluded evidence of
the "actual wording of the threats" which were evidence of her duress defense. Appellant
contends that the statements were admissible to show her state of mind and should not have been
excluded as hearsay. The State contends that appellant failed to preserve error by not attempting
to make an offer of proof. 

 To preserve her complaint for appellate review, appellant was required to make an
offer of proof to make known to the trial court the substance of the proof offered. In this case,
defense counsel failed to request or make an offer of proof. However, because the substance of
the statements is arguably apparent from the context of the questions, we will assume without
deciding that the issue is adequately preserved for our review. See Gutierrez v. State, 764 S.W.2d
796, 798 (Tex. Crim. App. 1989).

 In reviewing a trial court's evidentiary rulings, we generally apply an abuse of
discretion standard. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Maddox
v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). A trial court has broad discretion in
determining the admissibility of evidence, and a reviewing court should not reverse unless a clear
abuse of discretion is shown. See Lawton v. State, 913 S.W.2d 542, 553 (Tex. Crim. App.
1995); Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). An abuse of discretion
occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone
within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex.
Crim. App. 1992).

 Here, appellant was permitted to testify at length about her relationship with
Magee. As demonstrated by the above excerpt, she testified repeatedly about her fear of him in
the context of the drug transaction. The trial court carefully examined the admissibility of the
actual wording of the threat and concluded that, particularly in the absence of the declarant's
testimony, it was inadmissible hearsay. We conclude that the trial court did not abuse its
discretion in excluding the statement. Appellant's first issue is overruled. 

 Appellant next contends that the trial court erred in excluding evidence that
sometime after the drug transaction, either that night or early the next morning, Magee assaulted
appellant. As part of her duress defense, appellant sought to offer evidence that her fear of Magee
was well-founded because he later assaulted her. In an offer of proof, appellant testified that on
the night of May 2 she left the motel room and spent the night at a campground of homeless
people. When Magee found her, he accused her either of withholding $10 from the drug deal or
of "messing up" the deal, and he slapped her and cut her with a bottle. The trial court excluded
the evidence on the ground that the assault subsequent to the drug transaction was not relevant to
appellant's duress defense. The court did, however, allow appellant's testimony that she had been
beaten by Magee on an occasion prior to the offense. 


 Applying an abuse of discretion standard, we cannot conclude that the trial court
abused its discretion. Relying on United States v. Herrera, 600 F.2d 502, 505 (5th Cir. 1979),
appellant urges that the assault was relevant because it showed that her fear was realistic and that
a reasonable person would have succumbed to the pressure. But Herrera did not reach the issue
of a subsequent assault and appellant has cited us to no other authority. The trial court properly
admitted evidence of beatings occurring prior to the offense. Appellant's second issue is
overruled.

 As her third issue, appellant challenges the prosecutor's closing argument as
improper. In his closing argument, appellant's counsel argued that appellant was a mere victim
subject to the control of the "smart, crafty, career criminal, career drug dealer" Magee who
inserted appellant into the transaction to insulate Magee from the actual transaction. The
prosecutor responded that appellant was not just a poor prostitute, but that, like Magee, she had
two felony convictions for dealing drugs and, like Magee, she was a career criminal.

 Jury argument may include summation of the evidence as well as answer the
argument of opposing counsel. See Wilson v. State, 938 S.W.2d 57, 59 (Tex. Crim. App. 1996). 
Remarks by the State invited by the argument of defense counsel are proper. See Vigneault v.
State, 600 S.W.2d 318, 329 (Tex. Crim. App. 1980). Appellant testified during the guilt-innocence stage, and her convictions were admitted. The prosecutor attempted to refute defense
counsel's argument that Magee, not appellant, was the guilty party. The jury was instructed to
consider the convictions not as evidence of guilt, but "in passing upon the credibility of the
defendant as a witness." The prosecutor did not exceed the bounds of permissible jury argument. 
We overrule appellant's third issue.

 Appellant's three issues are overruled and the judgment of conviction is affirmed.



 


 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: September 10, 1999

Do Not Publish



 913 S.W.2d 542, 553 (Tex. Crim. App.
1995); Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). An abuse of discretion
occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone
within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex.
Crim. App. 1992).

 Here, appellant was permitted to testify at length about her relationship with
Magee. As demonstrated by the above excerpt, she testified repeatedly about her fear of him in
the context of the drug transaction. The trial court carefully examined the admissibility of the
actual wording of the threat and concluded that, particularly in the absence of the declarant's
testimony, it was inadmissible hearsay. We conclude that the trial court did not abuse its
discretion in exclu