11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Andrea LaJuan Hunt

Appellant

Vs.                   No.
11-01-00043-CR B Appeal from Collin County

State of Texas

Appellee

 

The jury
found appellant guilty of possessing less than 5 pounds but more than 4 ounces
of marihuana.  The trial court assessed
appellant=s punishment at confinement in a state jail
facility for one year.  We affirm.

Appellant
was riding in the front passenger=s seat of an automobile that was stopped by a police officer.  The officer testified that, when he
approached the passenger=s side window, he smelled a strong odor of unburned marihuana.  The driver of the automobile gave the
officer consent to search the vehicle. 
The officer found a plastic bag containing marihuana under the passenger=s seat. 
The sufficiency of the evidence is not challenged.  

In a
single point of error, appellant contends that the trial court erred in
permitting the jury to smell the marihuana that the officer found in the
automobile.  Appellant argues that the
trial court violated TEX.R.EVID. 403 because the probative value of the
evidence was substantially outweighed by the danger of unfair prejudice.

At trial,
appellant stated in his objection that there had been a substantial change in
the marihuana since the date it was taken from the automobile.  Appellant argued that the State had the
burden of proving that marihuana does not Again a stronger smell@ as time passes.  Also, appellant
urged that the marihuana was not packaged in the same container it was packaged
in at the time the officer discovered the marihuana in the car.  Appellant produced no evidence to show that
the odor of the marihuana changed while it was stored by the police.  The arresting officer testified that the
odor exhibited to the jury and the odor the officer smelled in the car were the
same.

 








When it
overruled appellant=s
objection, the trial court instructed the jury:

While the
officer is opening the bag, members of the jury, there=s not anything before you at this point that
suggests that the conditions in this room or that necessarily the odor, if any,
attributed to the exhibit would be the same or different as far as there=s no evidence one way or another on those
points.

 

The court
in Mann v. State, 718 S.W.2d 741, 744 (Tex.Cr.App.1986), cert. den=d, 481 U.S. 1007 (1987), stated:

When the balancing test is applied, evidence
of the context of the offense is almost always admissible under the reasoning
that events do not occur in a vacuum and the jury has a right to have the
offense placed in its proper setting so that all evidence may be realistically
evaluated.  See Maddox v. State, 682
S.W.2d 563 (Tex.Cr.App.1985)(Clinton, J. concurring); and Taylor v. State, 420
S.W.2d 601 (Tex.Cr.App.1967).  Rarely will
the prejudicial value render inadmissible any evidence that is context of the
offense.

 

See Henry v. State, 828
S.W.2d 312 (Tex.App. - Fort Worth 1992, pet=n ref=d).

We hold
that the trial court=s
ruling was within the Azone
of reasonable disagreement.@  The trial court did not abuse
its discretion.  Montgomery v. State,
810 S.W.2d 372, 389-91 (Tex.Cr.App.1991). 
Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

October 18, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.