IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00024-CR

 

John Smithwick,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court # 03-10608-CR

 



MEMORANDUM 
Opinion



 

          Charged
with possession of marihuana, John Smithwick filed a motion to suppress the
evidence because the arresting officer did not have reasonable suspicion to perform
a protective search of his vehicle.  The
trial court denied Smithwick’s motion. 
We affirm.

Background

          As
State Trooper Robert Bernard Jr. was driving on US 287 toward the intersection
of US 287 and Reagor Springs Road, he observed a pick-up truck, driven by
Smithwick, stopped at a stop sign on Reagor Springs Road.  Smithwick entered the intersection before
Bernard had completely passed through it, interrupting the flow of traffic and
causing Bernard to take evasive action. 
Bernard turned around, activated his lights, and began to pull Smithwick
over.  As he was doing so, he observed
Smithwick inside the truck moving toward the right side of the truck.  Bernard testified that Smithwick’s hand and
arm went to the right side of the vehicle followed by his body, and that this furtive
gesture caused him to suspect Smithwick was hiding something.  Once both vehicles were stopped, Smithwick immediately
began to get out of the vehicle.  Bernard
asked him if he was trying to hide something, and then ordered Smithwick back
into the vehicle.  After asking some
questions, Bernard then had Smithwick get out of the vehicle and move to a safe
place away from the road.  Bernard entered
the passenger side of Smithwick’s vehicle, and conducted a protective
sweep.  During his search, Bernard observed
a marihuana cigarette in plain view in an ashtray.  Smithwick was charged with possession of
marihuana, less than two ounces.  

          Smithwick
filed a motion to suppress the marihuana claiming that the protective search
was invalid.  The trial court denied the
motion, and Smithwick entered a plea of guilty subject to the outcome of his
appeal.  Smithwick was sentenced to six
days’ incarceration and a $500 fine.

Reasonable
Suspicion

          On
appeal, Smithwick argues in his sole issue that the trial court erred in
denying his motion to suppress because the stop and search were illegal.

          The
ruling of a trial court on a motion to suppress will not be set aside absent a
showing of abuse of discretion.  Maddox v. State, 682 S.W.2d 563, 564
(Tex. Crim. App. 1985); Simmons v. State,
100 S.W.3d 484, 489 (Tex. App.—Texarkana 2003, pet. ref’d).  Law enforcement officers may stop and detain
an individual if they have reasonable suspicion to believe that the individual
is violating the law.  Ford v. State, 2005 Tex. Crim. App. Lexis 399, **7-8 (Tex. Crim. App. Mar. 9, 2005).  “Reasonable
suspicion exists if the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.”  Id.  

          In
making this determination, we look to the totality of the circumstances.  Lemons
v. State, 135 S.W.3d 878, 883-84 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  We give almost total deference to the trial
court’s determination of facts and review de
novo the trial court’s application of law to facts.  Ford,
2005 Tex. Crim. App. Lexis at *8; Newhouse v. State, 53 S.W.3d 765, 768 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  Accordingly, we review the evidence in the
light most favorable to the trial court’s ruling.  Ford,
2005 Tex. Crim. App. Lexis at *8; Newhouse, 53 S.W.3d at 768.

          Bernard
had reasonable suspicion to stop and detain Smithwick.  Bernard observed Smithwick failing to yield
at an intersection, and a videotape admitted into evidence depicts this fact.  Also, failing to yield is a violation of Texas law.  See Tex.
Transp. Code Ann. § 545.151(a) (Vernon Supp. 2004); Tex.
Transp. Code Ann. § 542.302 (Vernon 1999).  

          However,
simply because an officer has reasonable suspicion to detain a vehicle does not
automatically give him leave to search the vehicle for weapons.[1]  Tucker
v. State, 135 S.W.3d 920, 922-26 (Tex. App.—Amarillo 2004, no pet.).  The officer must also have a reasonable
suspicion, based on specific and articulable facts, that his safety or the
safety of others is in danger before he may conduct a limited search for
weapons.  Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000) (holding
that a weapons search is “only justified where the officer can point to
specific and articulable facts which reasonably lead him to conclude that the
suspect might possess a weapon”).  A
court looks to whether a reasonably prudent officer in the same circumstances
would be warranted in believing that his safety or the safety of others is in
danger.  Michigan v. Long, 463 U. S. 1032, 1050-51, 103 S. Ct. 3469, 3481-82, 77 L. Ed. 2d 1201 (1983); McCraw v. State, 117 S.W.3d 47, 55 (Tex.
App.—Fort Worth 2003, pet. ref’d).  The
subjective beliefs of the officer performing the search are not
determinative.  See O'Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).

          The
State points to two facts that it says gave Bernard reasonable suspicion to
believe that Smithwick was potentially in possession of a weapon: the furtive[2]
gesture and Smithwick’s rapid exit from the vehicle.  Bernard testified that because Smithwick made
a furtive gesture, moving towards the passenger side of the vehicle before the
truck had completely pulled over to the shoulder of the road, he suspected that
Smithwick was attempting to hide something. 
When Smithwick attempted to exit the vehicle immediately upon stopping,
Bernard testified that he was suspicious that Smithwick wanted to keep Bernard
away from the vehicle and whatever he was attempting to hide there.  The videotape of the stop depicts both these
events as Bernard portrayed them in his testimony.

          Smithwick
argues that a furtive gesture alone is not sufficient to allow an officer to
reasonably believe that a detainee is dangerous and may possess a weapon.  By analogy he points to cases holding that a
furtive gesture alone is not probable cause to search a vehicle.  See
Howard v. State, 599 S.W.2d 597 (Tex. Crim. App. 1979); Jenkins v. State, 76 S.W.3d 709 (Tex.
App.—Corpus Christi 2002, pet. ref’d). 
However, there are numerous cases that hold that in the absence of a
furtive gesture, there is no reasonable suspicion to conduct a protective
search.  Tucker, 135 S.W.3d at 924;
McCraw, 117 S.W.3d at 55; In re
A.T.H., 106 S.W.3d 338, 347 (Tex. App.—Austin 2003, no pet.); Davis v.
State, 61 S.W.3d 94, 97 (Tex. App.—Amarillo 2001, no pet.).

          In
this case, there is not only a furtive gesture, but also a quick exit from the
vehicle that could have given a reasonably prudent officer reasonable suspicion
to believe that his safety was in danger. 
Carmouche, 10 S.W.3d at
329.  Therefore, we cannot say that the
trial court abused its discretion in denying Smithwick’s motion to suppress.  See
Maddox, 682 S.W.2d at 564.  Accordingly,
we overrule Smithwick’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   FELIPE
REYNA

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and 

          Justice Reyna

Affirmed

Opinion delivered and filed April
 20, 2005

Do not publish

[CR25]











[1]           The State argues that because Bernard was authorized to
arrest Smithwick on the traffic offense, the search of his vehicle was valid as
a search incident to an arrest.  However,
traffic stops are comparable to temporary detentions and not arrests.  See
Tucker v. State, 135 S.W.3d 920, 922-26 (Tex. App.—Amarillo 2004, no
pet.).  Accordingly, detaining a person
for a traffic offense alone does not entitle the officer to search the vehicle
as a search incident to an arrest.  Id.





[2]               “Furtive”
gestures are generally defined as those which are surreptitious, underhanded,
or done by stealth.  Webster’s Collegiate
Dictionary 474 (10th ed., Merriam-Webster, Inc. 1993).