Opinion filed January 12, 2006












 
 
  
 
 




Opinion filed January 12, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00205-CR 

 

                                                    __________

 

                                       STATE OF TEXAS, Appellant

 

                                                             V.

 

                             DARRON
DEMOND EMERSON, Appellee

 



 

                                          On
Appeal from the 32nd District Court

 

                                                         Mitchell
County, Texas

 

                                                     Trial
Court Cause No. 6794

 



 

                                                                   O
P I N I O N

 

The grand jury indicted appellee with possession
of a controlled substance.  The trial
court granted appellee=s
motion to suppress the physical evidence obtained as a result of a warrantless
search.  We reverse and remand.

                                                               Background
Facts








On November 19, 2003, Officer Pete Torres of the
Colorado City Police Department received an anonymous tip advising him of the
presence of drugs in one of the rooms at the Relax Inn.  The person providing the tip also advised
Officer Torres that appellee would be inside the motel room.  Officer Torres requested Chief Deputy Mike
Redwine of the Mitchell County Sheriff=s
Department to accompany him to the Relax Inn to investigate the report.  Officer Torres and Deputy Redwine did not
obtain a search warrant prior to conducting the investigation at the
motel.  Officer Torres testified that he
did not feel that he had enough information from the anonymous tip to obtain a
search warrant.

Isabelle Cantu answered the door of the motel room
when Officer Torres and Deputy Redwine knocked. 
Officer Torres observed Cantu, appellee, and two small children inside
the room.  Officer Torres knew appellee
from prior dealings.  Officer Torres
asked appellee to step outside of the room to talk to him.  Officer Torres advised appellee of the tip
that he had received and requested appellee=s
consent to search the room.  Officer
Torres testified that appellee gave him consent to search the room at this
time.  Officer Torres further testified
that Deputy Redwine Awent
inside and made contact with the female.@  Officer Torres stated that, after he obtained
consent from appellee to search the room, he Awent
back inside and talked to Deputy Redwine who had also received verbal consent
from the female in the room.@  Officer Torres and Deputy Redwine
subsequently discovered a clear plastic bag containing a rock-like substance
next to a pair of appellee=s
shoes.

            In addition to Officer Torres, appellee also testified at
the suppression hearing.  Appellee
testified that Officer Torres asked him to step outside of the room and that he
did so because AI didn=t have nothing to hide for nothing, so
I went out there.@  Appellee further stated:  AI
was there answering their questions, whatever questions they had to ask for me
about the dayBabout
that day.@  However, appellee also testified that he felt
intimidated A[a]fter a
while@ based
upon Deputy Redwine=s
presence in the room while he spoke outside of the room with Officer Torres.

Neither Deputy Redwine nor Cantu testified at the
suppression hearing.   In the absence of
testimony from Deputy Redwine and Cantu, the trial court concluded that Deputy
Redwine entered and seized the motel room without Cantu=s
consent while Officer Torres spoke with appellee outside of the room.  The trial court stated as follows: 








Well, this troubles me to the extent that there is no evidence
thatBthat the
deputy had consent to enter the premises, at which time I think that is some
type of seizure of the premises that makes it more confrontational rather than
consensual.          There being no
evidence of consent to enter the premises, the Defendant=s
Motion to Suppress is granted.

 

                                                  Standard
of Review

In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Because the trial court is the exclusive
fact-finder, the appellate court reviews evidence adduced at the suppression
hearing in the light most favorable to the trial court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000). 
We also give deference to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman,
955 S.W.2d at 89. Where such rulings do not turn on an evaluation of
credibility and demeanor, we review the trial court=s
actions de novo.  Guzman, 955
S.W.2d at 89; Davila v. State, 4 S.W.3d 844, 847-48 (Tex. App.CEastland 1999, no pet.).  Absent a showing of an abuse of discretion,
the trial court=s finding
should not be disturbed.  Maddox v.
State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985).

Analysis

The federal and state constitutions both guarantee
the right to be secure from unreasonable searches and seizures.  U.S. Const.
amend. IV; Tex. Const. art. I, '
9; see also Tex. Crim. Proc.
Code Ann. art. 38.23(a) (Vernon
2005).  Searches conducted without a
warrant are unreasonable per se subject to a few specifically established and
well-delineated exceptions. Minnesota v. Dickerson, 508 U.S. 366, 372
(1993); McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).   The State bears the burden to show that a
warrantless search falls within one of these exceptions. McGee, 105
S.W.3d at 615.  

In its third issue, the State contends that the
warrantless search was justified because appellee consented to the search.  A search conducted by consent is an exception
to the search warrant requirement.  Reasor
v. State, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000).  Consent must be voluntary to constitute a
valid exception to the warrant requirement. 
Id.  In determining whether
a defendant=s consent
was voluntary, the State is required to prove by clear and convincing evidence
the voluntariness of the search.  Id.  The trial court must look at the totality of
the circumstances surrounding the statement of consent to determine whether the
consent was given voluntarily.  Id.








As noted previously, the trial court assumed that
Deputy Redwine entered the room without consent.  If the trial court=s
assumption was correct, the circumstances were similar to the facts in Reasor.  The accused in Reasor gave consent to
search his house after the police had conducted an illegal Aprotective sweep@
of the house.  Id. at 815-17.  The Court of Criminal Appeals examined
several factors to  determine whether the
illegal search of the home tainted the voluntariness of the defendant=s consent.  These factors included the custodial status
of the accused at the time consent was given, the items discovered as a result
of the previous illegal search, the length of the detention, and the
constitutional warnings given to the accused. 
Id. at 817-19.  

The trial court in Reasor determined that
any taint from the illegal entry was sufficiently attenuated when the police
obtained the accused=s
consent to search.  Id. at
818-19.  In upholding the trial court=s ruling, the Court of Criminal Appeals
noted the deferential standard of review applicable to the trial court=s ruling.  Id. at 819.  The procedural posture of this appeal differs
from Reasor because the trial court in this case granted the motion to
suppress.  Even though we give deference
to the trial court=s
determination of historical facts and questions which hinge upon the
credibility and demeanor of the witnesses, we conclude that the trial court
erred in granting appellee=s
motion to suppress.

We begin our analysis by noting that appellee
acknowledged giving Officer Torres consent to search the motel room.  The accused in Reasor gave consent
after being arrested at gunpoint and placed in handcuffs.  The custodial status of appellee differed
greatly because he stepped outside to speak with Officer Torres in response to
the officer=s request
that he do so.  While appellee was only
wearing jeans and socks at the time the questioning occurred, he testified that
his state of dress did not affect his decision to give consent.  Based upon appellee=s
testimony regarding the cooperative nature of his dealings with Officer Torres,
the record does not support the trial court=s
determination  that a confrontational
encounter occurred.  








Appellee contends that his consent was
involuntarily given because Deputy Redwine was already inside the room at the
time appellee gave consent to search. 
The fact that Deputy Redwine was in the room with Cantu was not evidence
that appellee=s consent
to search the room was not freely given. 
Even assuming that Deputy Redwine entered the motel room without
consent, the trial court still erred. 
The trial court abused its discretion in failing to find that Deputy
Redwine=s entry
was sufficiently attenuated when appellee voluntarily consented to the search
and the officers did not search for or seize the controlled substance until
after they obtained consent from both adult occupants of the room.   The State=s
third issue is sustained.  In light of
our holding with respect to the State=s
third issue, we need not consider the State=s
first and second issues.

                                                               This
Court=s Ruling

The trial court=s
order granting appellee=s
motion to suppress is reversed, and this cause is remanded.  

 

TERRY McCALL

JUSTICE

 

January 12, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.