IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00171-CV

 

Zeke's Trucking Co., Inc.,

                                                                                    Appellant

 v.

 

Robert Grayson,

                                                                                    Appellee

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24,476

 



MEMORANDUM  Opinion










 

Zeke’s Trucking Co., Inc. appeals from a
judgment finalizing an arbitration award to Robert Grayson.  The judgment was
filed on January 10, 2011.  By letter dated May 2, 2011, the Clerk of this
Court notified Zeke’s Trucking Co. that the appeal was subject to dismissal
because it appeared the notice of appeal was untimely.  Tex. R. App. P. 26.1.  Because it appeared that a motion for
new trial was filed, the notice of appeal would have been due on April 11,
2011.  See id. (a).  It was not filed until May 13, 2011.  The Clerk
also warned Zeke’s Trucking Co. that the appeal would be dismissed unless,
within 21 days of the date of the letter, a response was filed showing grounds
for continuing the appeal.  See Tex.
R. App. P.  42.3, 44.3.  We have not received a response.

            Accordingly, this appeal is
dismissed.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed June 15, 2011

[CV06]






 went to Don
Quijote's Bar in Dallas County. The officers had no search or arrest warrants and went to the bar
to investigate on-going complaints about drug trafficking and to inspect for violations of the bar's
liquor license. The officers entered the bar though the rear door. They were in uniform and their
weapons were holstered. Once inside, the officers began walking from the rear toward the front
of the bar.
      Both Misak and Musgrove testified that when they entered, they saw Appellant stand up at
a table and start walking across the room toward the bar. As he moved across the room, the
officers saw him trying to place something he held in his left hand into the left pocket of the
overcoat he was wearing. When Appellant had walked only a few steps, the officers saw a small
plastic bag containing a white powder, which they believed to be cocaine, fall from his hand to
the floor. The officers called to each other, but no one said anything to Appellant. Misak told
Musgrove to apprehend Appellant. Musgrove intercepted Appellant before he reached the bar and
physically restrained him. The fallen baggie was retrieved from the floor and Appellant was
placed under arrest. In a search incident to the arrest Musgrove found several other plastic
baggies of white powder in Appellant's left overcoat pocket. Musgrove placed the baggies in his
pocket and later field tested their contents.
      Misak testified that when the baggie was dropped he was twelve to fifteen feet from Appellant
and had no intention of stopping him and did not follow him toward the bar until after Appellant
dropped the baggie of cocaine. Musgrove testified that, although he was headed toward Appellant
as they both walked through the bar, he started walking faster toward him only after Appellant
dropped the baggie, and that he did not decide to detain him until he saw the baggie fall.
      Specifically, Appellant contends he dropped the baggie as a direct result of an illegal
detention; therefore, it was unlawfully seized and not voluntarily abandoned. Appellant does not
address the baggies found in his coat pocket. 
      At a suppression hearing, the trial court is sole judge of the witnesses' credibility and the
weight to be given their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). It is free to accept or reject any or all of a witness's testimony. Johnson v. State, 864
S.W.2d 708, 713 (Tex. App.—Dallas 1993), affirmed, 912 S.W.2d 227 (Tex. Crim. App. 1995). 
When reviewing a trial court's decision to grant or deny a motion to suppress, an appellate court
must view the evidence in the light most favorable to the trial court's ruling and may consider only
whether the trial court properly applied the law to the facts. Romero, at 543. Absent an abuse
of discretion, the trial court's finding is not to be disturbed. Maddox v. State, 682 S.W.2d 563,
564 (Tex. Crim. App. 1985).
      When seeking the suppression of evidence based on allegations of unlawful search and
seizure, the accused bears the burden of rebutting the presumption that the police conduct was
proper. Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). The presumption is rebutted
by a showing that the search or seizure occurred without a warrant. Johnson, at 714. The burden
of proof then shifts to the State. If the State is unable to produce a warrant, it must prove the
warrantless search or seizure was reasonable. Russell, at 9, 10.
      In this case, the presumption of proper police conduct was rebutted when the officers testified
they had no search or arrest warrant when they entered the bar. Thus, the burden of proof shifted
to the State to prove that the cocaine dropped on the floor and found in Appellant's pocket were
lawful warrantless seizures.
      The State contends the baggie Appellant dropped on the floor was not unlawfully seized, but
voluntarily abandoned by him. Property voluntarily abandoned is not "seized" for purposes of
Article I, Section 9. Hankins v. State, 758 S.W.2d 255, 257 (Tex. Crim. App. 1988). For
abandonment to be voluntary, Appellant must have intended to abandon the property, i.e., the
decision must not be the result of police misconduct. Hawkins, at 257.
      Appellant contends he did not voluntarily abandon the baggie he dropped because, before he
dropped it, he was actually illegally detained by officers Misak, Musgrove and Upchurch. The
State contends there was no "detention" of Appellant before he dropped the baggie.
      Johnson v. State, 912 S.W.2d 235, 236 (Tex. Crim. App. 1995) holds that under Article I,
Section 9 of the Texas Constitution, "in either an investigative detention or an arrest, the seizure
of a citizen has not occurred until a reasonable person would believe he or she was not free to
leave, and that person has yielded to the officer's show of authority or has been physically forced
to yield." Appellant asserts he was "seized" for purposes of Article I, Section 9, when the officers
"closed in on" him immediately after entering the bar. The trial court, under the authorities cited,
was entitled to believe otherwise.
      First, the officers made no show of authority before Appellant dropped the baggie. The
assertion the officers "closed in on" Appellant before he dropped the baggie is not supported by
the record. The officers testified Appellant stood up and started walking across the room toward
the bar as they entered the room. Although they watched Appellant as he crossed in front of them,
they continued walking toward the front of the barroom. Musgrove testified that, given the
directions from and the pace at which he and Appellant were walking, their paths would have
intersected in the barroom. In addition Misak testified he would have continued walking toward
the front of the barroom and not toward Appellant had the baggie not been dropped. And both
Musgrove and Misak testified they had no intent to detain Appellant until after they saw him drop
the baggie.
      Clearly, the act of entering and walking through the bar did not constitute a show of authority
which would have convinced a reasonable person in Appellant's position that he was not free to
leave. Absent such a show of authority, there can be no seizure for purposes of Article I, Section
9. Johnson, 912 S.W.2d at 236.
      Moreover, none of the officers' actions, before Appellant dropped the baggie, had an actual
coercive physical effect on Appellant. He contends he had been forced to yield to the officers
when they "cut him off" in the barroom. Yet, as noted above, the officers made no effort to
intercept Appellant until after he dropped the baggie. It was not until after Appellant dropped the
baggie, and Musgrove grabbed him by the arms, that Appellant submitted to the officers. Until
that moment of submission, there was no seizure. Johnson v. State, 864 S.W.2d 724.
      As Appellant was not illegally seized before he dropped the baggie, his relinquishment of it
was not the result of any police misconduct. Thus, the baggie was voluntarily abandoned, not
unlawfully seized. The dropped baggie gave the officers probable cause to arrest Appellant for
possession of a controlled substance. Thus, the seizure and arrest of Appellant was lawful. Once
lawfully arrested, the officers were entitled to conduct a warrantless search of Appellant's person. 
Jones v. State, 640 S.W.2d 918, 921 (Tex. Crim. App. 1982). Consequently, the warrantless
seizure of the baggies of cocaine from Appellant's coat pocket was lawful.
      The trial court did not err in denying Appellant's motion to suppress. Both of Appellant's
points are overruled. 
      The judgment of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 12, 1997
Do not publish