

# NUMBER 13-13-00355-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JONNIE RAY JOHNSON,**                                       **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                         **Appellee.**

---

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Jonnie Ray Johnson challenges his conviction by a jury for robbery. *See* TEX. PENAL CODE ANN. § 29.02(a)(1) (West 2011). By one issue, Johnson argues that the trial court erred in admitting testimony regarding his efforts to resist arrest because such testimony was irrelevant and inadmissible evidence of an extraneous

offense or bad act.   *See* TEX. R. EVID. 402, 403, 404(b).   We affirm.

## I.   Background[1]

Johnson was indicted in connection with the robbery of a liquor store in Gonzales, Texas.   *See* TEX. PENAL CODE ANN. § 29.02(a)(1).   He pleaded not guilty, and the case was tried to a jury.

At trial, there was evidence that Johnson entered the liquor store during the early evening of January 23, 2012.   Johnson tried to enter the area behind the cash register counter, and the store clerk attempted to block his path.   Johnson told the clerk "this is a robbery," pushed the clerk into a shelf, picked the cash register up off the counter, and fled the store on foot carrying the cash register.   The clerk called the police, and when they arrived, the clerk pointed in the direction in which Johnson had fled.   The police located Johnson, with the cash register, in the backyard of a house near the liquor store. The officers testified that Johnson resisted their attempts to arrest him.   He struggled against the officers and would not allow them to handcuff him.   The officers testified that they were required to pepper spray and then use a taser on Johnson in order to subdue him.

After the close of evidence, the jury returned a guilty verdict.   Punishment was tried to the court, which assessed a sentence of life imprisonment as a result of multiple prior felonies committed by Johnson.   *See id.* § 12.42 (West Supp. 2012).   This appeal followed.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

2

## II. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006) (citations omitted). "If the trial court's decision was within the bounds of reasonable disagreement, the appellate court should not disturb its ruling." *Id.*

## III. Discussion

By one issue, Johnson argues that the officers' testimony about the details of his arrest was both irrelevant and inadmissible extraneous bad acts evidence. *See* TEX. R. EVID. 401–03, 404(b). However, at trial, defense counsel objected only on the grounds of relevance, so Johnson's argument under rule 404(b) was not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1). We will address only Johnson's argument under rules 401, 402, and 403.

Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by Constitution, by statute, by these rules, or by the other rules prescribed to statutory authority. Evidence which is not relevant is not admissible." TEX. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

Johnson argues that "[t]he elements of robbery do not include resisting arrest to the point of being pepper sprayed or tased. This testimony was completely unnecessary and irrelevant to the offense of robbery." We disagree.

> Texas law has long recognized that evidence of flight or escape may be admissible evidence from which an inference of guilt may be drawn, subject only to the requirement of relevancy to the offense under prosecution. *See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); *Burks v. State*, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994); [*Cantrell v. State*, 731 S.W.2d 84, 92 (Tex. Crim. App. 1987)]; *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989); *Rumbaugh v. State*, 629 S.W.2d 747, 752 (Tex. Crim. App. 1982); *Lee v. State*, 176 S.W.3d 452, 462 (Tex. App.—Houston [1st Dist.] 2004), *aff'd on other grounds*, 206 S.W.3d 620 (Tex. Crim. App. 2006). . . . In addition, the State is generally "'entitled to show circumstances surrounding an arrest,'" because evidence of these circumstances, including the defendant's resistance, may also demonstrate . . . how police located, pursued, and apprehended the defendant. *Cantrell*, 731 S.W.2d at 92 (quoting *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985)).

*Burks v. State*, 227 S.W.3d 138, 148 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Here, the complained-of testimony was admissible as evidence of the circumstances surrounding Johnson's arrest. It was evidence relevant to Johnson's flight from the scene, which was a circumstance indicative of guilt. The testimony encompassed only a few pages of the multiple-volume reporter's record of a two-day trial and was not particularly emphasized by the State. In short, having reviewed the testimony in the context of the record, we conclude that its probative value was not outweighed by any danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needless presentation of cumulative evidence. The trial court did not abuse its discretion in admitting the testimony. Johnson's issue is overruled.

4

## IV.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 16th
day of January, 2014.